**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AGUEDA VELASCO DE PEREZ, <br><br> Plaintiff, <br><br> v. <br><br> NANCY A. BERRYHILL, ACTING COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No. 1:17-cv-1427-SKO <br><br> **ORDER DIRECTING CLERK OF COURT TO CLOSE CASE** <br><br> (Doc. 11) |

On July 6, 2018, the parties filed a joint stipulation of dismissal with prejudice and with each party to bear its own fees and costs. (Doc. 11.) Federal Rule of Civil Procedure 41(a)(1)(A) provides:

> [T]he plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer to a motion for summary judgment, or (ii) a stipulation of dismissal signed by all parties who have appeared.

Fed. R. Civ. P. 41(a)(1)(A). Rule 41 thus allows the parties to dismiss an action voluntarily, after service of an answer, by filing a written stipulation to dismiss signed by all of the parties who have appeared, although an oral stipulation in open court will also suffice. *See Eitel v. McCool*, 782 F.2d 1470, 1472–73 (9th Cir. 1986).

Once the stipulation between the parties who have appeared is properly filed or made in open court, no order of the court is necessary to effectuate dismissal. Case law concerning stipulated dismissals under Rule 41(a)(1)(A)(ii) is clear that the entry of such a stipulation of

dismissal is effective automatically and does not require judicial approval. *Commercial Space Mgmt. Co. v. Boeing Co.*, 193 F.3d 1074, 1077 (9th Cir. 1999).

Because the parties have filed a stipulation for dismissal of this case with prejudice under Rule 41(a)(1)(A)(ii) signed by all of the parties who have made an appearance, this case has terminated. Fed. R. Civ. P. 41(a)(1)(A)(ii). Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court close this case.

IT IS SO ORDERED.

Dated: **July 9, 2018**         /s/ *Sheila K. Oberto*
                                    UNITED STATES MAGISTRATE JUDGE